AMERICAN RADIATOR COMPANY, Appellant, *v.* CITY OF NEW YORK et al., Respondents, and E. F. KEATING COMPANY et al., Appellants, Impleaded with Others.

Lien Law — liens upon amount certified to be " now due on the contract " between a municipality and a contractor for a public improvement — when enforcement of such liens not precluded by fact that after liens were filed the contract was forfeited and the work thereafter let to another contractor.

1. Where under and in compliance with the express terms of a contract between a municipal corporation and a contractor for a public improvement, a certificate was duly issued that a certain amount was "now due on the contract," and creditors of the contractor filed notices of lien thereon, the fact that the contract was declared forfeited a few days later does not prevent the enforcement of the liens against the amount so certified to be due to the contractor.

2. A finding of the trial court that there is " now no amount due from the defendants under the contract " does not preclude the enforcement of the lien. This finding is not inconsistent with the

13

finding that, at the time the notices of lien were filed, the amount, against which the liens were filed had been certified for payment, and under such findings the lienors are entitled to recover what was due to the contractor when their liens were filed. The liberal construction which should be placed on the provisions of article 1 of the Lien Law (Cons. Laws, ch. 33, § 23) to secure the beneficial purposes thereof will not permit the courts to read into the statute the further requirement that the contract must be fully completed with a balance then due to the contractor before liens will attach.

*American Radiator Co.* v. *City of New York,* 177 App. Div. 578, reversed.

(Argued March 12, 1918; decided March 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 28, 1917, affirming a judgment in favor of defendants, respondents, entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank M. Avery* for plaintiff, appellant. The mechanic's lien of the plaintiff attached to the sum or earned payment of $2,362.50 in the hands of the city of New York. (L. 1909, ch. 38, § 5; *Foshay* v. *Robertson,* 137 N. Y. 134; *Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Upton Co.* v. *Flynn,* 169 App. Div. 79; *Herrmann & Grace* v. *Hillman,* 203 N. Y. 435; *Anisansel* v. *Coggeshall,* 83 App. Div. 491.)

*Ernest F. Eidlitz* and *Frederick Hulse* for Robert A. Keasbey Company, appellant. The mechanic's lien of this defendant, appellant, attached to the sum of $2,362.50, the amount certified to the comptroller for payment, which sum was due or became due at the time this defendant appellant's lien was filed. (*Foshay* v. *Robinson,* 137 N. Y. 134; *Anisansel* v. *Coggeshall,* 83 App. Div. 491; *Upton & Co.* v. *Flynn,* 169 App. Div. 79.)

*Frank M. Avery* and *C. Royall Frazer* for E. F. Keating Company, appellant.

*William P. Burr, Corporation Counsel (Terence Farley* of counsel), for respondents. To entitle a lienor to recover on a lien against a municipality it is incumbent upon him to show either that the contractor performed his contract, and that by reason of such performance some amount became due and owing thereon, or that, by reason of some special provision of the contract, there was, when the lien was filed, something due such contractor thereon, or that something became due him upon it thereafter, applicable to the payment of such lien. (*Herrmann & Grace* v. *Hillman,* 203 N. Y. 435.) The lienors stand in the shoes of the contractor. And if Blake & Williams, under the terms of the contract, would not be entitled to recover anything, it is rather difficult to appreciate that there is any fund in existence, representing the indebtedness due from the board to the contractor, against which a lien or liens may be enforced. (*Weyler* v. *Rust,* 144 App. Div. 296; *Upson* v. *United E. & C. Co.,* 130 N. Y. Supp. 726.)

POUND, J. This is an appeal by plaintiff and two defendants claiming liens under a contract for a public improvement, under section 5 of the Lien Law (Cons. Laws, ch. 33). They filed notices of lien against the amount due or to become due on a contract between defendants Blake & Williams and the city of New York and the board of education of the city of New York for the installation of a heating and ventilating apparatus in a public school. The contract price was $39,972. The amount of the liens is stipulated to be correct and the only question is as to the liability of the city. At the time such notices of lien were filed the sum of $2,362.50 had been certified for payment as the twelfth installment due on the contract. The courts below have held that no liens attached,

for the sole reason that the contractor had, after the liens were filed, by the terms of the contract forfeited all claim for compensation by failure to complete the contract. We think that this was error.

The amount due was certified on October 5, 1915; the work was then sufficiently advanced to warrant such payment; the notices of lien were filed on October 13 and 15, 1915; the contract was declared forfeited on November 24, 1915. A contract was let thereafter for the completion of the work for a less amount than Blake & Williams would have been entitled to receive therefor if they had completed it, but at the time of the trial the work had not been completed and it could not then be determined whether actual completion would cost more than the balance of the contract price. The general rule is that " if anything is due to the contractor, pursuant to the terms of the contract, when the lien is filed, it attaches to that extent." (*Van Clief* v. *Van Vechten*, 130 N. Y. 571, 577.) It is alleged in the complaint and not denied that by the terms of the contract it was provided that payments should be made by the city of New York on account of the work performed and materials furnished under said contract as the same should progress. The contract provides:

" In order to enable the contractor to prosecute the work advantageously, and upon application made in writing to the superintendent by the contractor, together with an accurate schedule in detail of the material furnished and the work done, the said sum may be paid in installments as the work progresses. All such progress payments shall be based upon an estimate and certificate made by the superintendent of the material furnished and the work done by the contractor, and payment shall be made in installments of ninety per cent (90%) of the amount certified as earned."

The trial court has found that at the time the liens

were filed said amount had been certified for payment as above stated; the certificate is to the effect that said amount " is now due on the contract; " but the opinion of the trial justice, adopted by the Appellate Division, states that " it does not suffice to find that when the liens were filed an amount was due the contractor and certified for payment." On similar facts in *Herrmann & Grace* v. *Hillman* (203 N. Y. 435) it appears to have been conceded and very properly conceded that, on the forfeiture of the contract, the liens attached to the amount due the contractor when the notices of lien were filed. The contractor, at the time the liens were filed, was entitled to the payment due under the contract and the subsequent forfeiture of the contract would not impair the liens. The contractor has no further right to compensation, if he has agreed to forfeit it, but the liens attach to the moneys as they are earned and become due, and the contractor's subsequent default does not terminate the rights of the lienors. (*Foshay* v. *Robinson*, 137 N. Y. 134.)

The finding of the trial court that there is " *now no* amount due from the defendants under the contract " is entirely consistent with the finding that at the time the notices of lien were filed the sum of $2,362.50 had been certified for payment. The lienors claim that which *was* the contractor's, but which is now theirs by virtue of their liens. The amount is now due not to the contractor but to them. They recover what was due to the contractor when their liens were filed; what he was then entitled to claim under his contract; nothing more. The contractor after having earned a payment on his contract may default and the owner may have to complete the contract at a loss, or the owner may, after moneys are due and earned, be authorized to put an end to the contract and terminate the contractor's rights thereunder, but when a payment becomes due, the

liberal construction which we are enjoined to place on the provisions of article one of the Lien Law, to secure the beneficial purposes thereof (§ 23) will not permit us to read into the statute the further requirement that the contract must be fully completed with a balance then due to the contractor before liens will attach.

The respondents urge that by the terms of the contract itself nothing was due to the contractor until the entire work was completed and accepted. The provision on which they rely was not intended to deny to the contractor the right to receive partial payments as the work progressed. Such payments are also provided for in the contract. True we find the proviso that " the contractor shall not be entitled to demand or receive payment for any portion of the aforesaid work and materials until the same shall be fully completed, etc.," but the contract also provides that none of the installments shall be paid " unless and until a certificate * * * that *the payment is due* shall have been filed." The twelfth installment was earned and payment thereof was due on the contract when the liens were filed, and the plain language of the Lien Law covers the case.

The judgments should, therefore, be reversed and judgment granted on the findings for payment by the comptroller of the city of New York, out of the said sum of $2,362.50 now remaining in his hands, to the extent that it will suffice, in the following order:

1. To the plaintiff the sum of $1,362.15 and interest from October 20, 1915, or so much thereof as the balance of the sum will pay.

2. To the defendant E. F. Keating Co. the sum of $203.46 and interest from April 5, 1915, or so much thereof as any balance of the sum will pay.

3. To the defendant Robert A. Keasby Company the sum of $414.54, with interest from September 29, 1915, or so much thereof, if any, as the balance of the

sum will pay, with costs to appellants in all courts against the city of New York.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed and judgment directed for appellant in accordance with opinion of POUND, J.