New Jersey Terra Cotta Company, Plaintiff, *v.* The
City of New York, Albert Winternitz et al.,
Defendants.

(Supreme Court, New York Special Term, July, 1920.)

**Mechanic's lien — filing of — foreclosure — when notice of lien
declared invalid — evidence — Lien Law, § 12.**

A subcontractor's notice of lien which, instead of reciting
the date when the amount claimed is due, states that under
the lienor's contract the amounts claimed were payable to it
within ten days after the principal contractor should be paid,
and upon information and belief that he had been paid nothing,
is only *prima facie* sufficient, and where the trial discloses such
long-continued neglect of the obvious and reliable source of
inquiry in favor of one who might have motive to conceal and
deceive the notice of lien will be declared invalid.   (P. 514.)

Where a subcontractor's notice of lien filed on July 9, 1919,
was discharged by a surety company bond within six days and
nothing further was done concerning it until the present action
to foreclose it was commenced sometime after October 6, 1919,
all rights enforcible by the lienor against the surety company
are lost and the lien discharged by lapse of time.   (Pp. 514,
515.)

Where several notices of lien neither claimed payment
due for nor recited any "materials actually manufactured for
but not delivered to such public improvement" (Lien Law,
§ 12), a claim that the notice of lien must state that no such
materials were so manufactured, on the theory that a statutory
requirement is otherwise disregarded, cannot be sustained.
(P. 516.)

Where of two notices of lien filed by the same lienor for
different amounts, the second included the claim under the first
notice, together with a claim for work and material subse-
quently furnished, and the proof shows that materials made
had been delivered but not installed and that the title thereto
was still in the lienor, the second notice of lien is invalid but the
first remains unaffected.   (P. 516.)

Action to enforce mechanics' liens.

Phillips & Avery, for plaintiff.

Corporation Counsel of the city of New York, for defendant city of New York.

Myron Sulzberger, for defendants National Surety Co. and Albert Winternitz.

Frank Weinstein, for defendant J. Dames Co., Inc.

William F. Earp, for defendant S. H. Pomeroy Co., Inc.

C. Royall Frazer, for defendant Berger Manufacturing Company.

Eidlitz & Hulse, for defendant D. H. McLaury Tile Co., Inc.

Tallmadge W. Foster, for defendant Henry Maurer & Son.

Levy, Gutman & Goldberg, for defendant Washington Bulkley, Inc.

James W. McIlhinny, for defendant Hinkle Iron Company.

Augustin S. Hart, for defendant Crawford Eddy Company.

Hendrick, J.   This is an action to enforce mechanics' liens for work done and materials furnished by subcontractors of Winternitz in constructing the new building of the Cumberland Street Hospital in Brooklyn.  Winternitz did not complete the job and defaulted on his contract.  Plaintiff's lien was bonded by the National Surety Company, one of the defendants.  It has been paid since the trial of this action.

The city holds a fund of $10,350 to be applied in payment of the unbonded liens according to their

priority. This fund has been certified as due and the unbonded liens attach thereto. *American Radiator Company* v. *City of New York,* 223 N. Y. 193. The city makes no claim otherwise.

The first of the unbonded liens is that of the Otis Elevator Company, which is in excess of the fund. Its validity is opposed by the defendants J. Dames Company, Inc., and D. H. McLaury Tile Company.

The criticism by the D. H. McLaury Tile Company is that the lien of the Otis Elevator Company is invalid by reason of failure of the notice after stating the amount claimed, to state the date when due. Lien Law, § 12. The notice of lien instead of reciting such date, stated that under the lienor's contract with Winternitz the amounts claimed were payable to it within ten days after Winternitz should be paid, *and upon information and belief,* that he had been paid nothing.

It is well settled that notices of lien must state the date when payments claimed as due actually became due. *Bradley & Son* v. *Huber Co.,* 146 App. Div. 630; *Post & McCord* v. *City of New York,* 86 Misc. Rep. 300; affd., 166 App. Div. 919.

But there seems to have been no decision upon a notice which alleges that payments will become due at the happening of some future event which may never occur. The contracts herein merely provide a basis for conjecture as to when the amounts claimed might but not necessarily would become due. If a calendar date must invariably be alleged it seems that, under such contracts, no right of lien can exist before the general contractor is paid, and, if he has been paid, that no valid notice can be filed by the subcontractor until he can, by learning the fact and time of payment, recite the date due. If that is the law the right of the lienor to file such notice of lien, though unable through no fault of his own to ascertain the fact and time of such payment, is indefinitely postponed.

The statute says: " This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." Lien Law, § 23.

The statute gives a right of lien for payments due and to become due. Lien Law, § 12. When it is claimed that they are due the date must be alleged. When it is claimed that they are to become due the date must be alleged if calculable. If not calculable, it cannot be given and is to be excused. If it is to occur within a definite period after the happening of a certain contingent event described, and the notice so recites, such recital is, in the absence of more definite information, a substantial compliance with the requirement as to date.

But where information that the event has happened is apparently easily available and no effort has apparently been made to obtain it or to excuse the failure to state the date, a different situation arises. The general contract was publicly on file and easily accessible. Three payments under it for the work of this lienor had been made, the youngest two months, and the senior five months old, when this notice of lien was filed. No evidence was offered to the effect that information as to these payments had been vainly sought either of the general contractor or of the proper financial officers of the city. The general contract could not have been the source of the lienor's information that nothing had been paid. On the contrary, it should have caused him to suspect otherwise, and to have governed himself accordingly. The general contract disclosed that the general contractor was to be paid monthly for ninety per cent of the satisfactory work of the preceding month. This the lienor knew and it

was its duty to try to obtain from the city officials information from which the dates could have been stated. The Otis Elevator Company did not seek information from this obvious public source and relied solely upon inquiry of the general contractor. Other lienors similarly situated inquired of the public officials and stated the dates. It is clear that of the two courses it would be of advantage in time gained if the requirement as to dates could be evaded by neglecting inquiry of the city's officials. The result would be to penalize the more diligent and, perhaps, more conscientious lienor. There is a limit to liberality in construction of the Lien Law. The Court of Appeals, per Cardozo, J., has said in reference thereto, that "Freedom to construe is not freedom to amend." *Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345.

I think that under the circumstances herein such a notice of lien as that of the Otis Elevator Company is only *prima facie* sufficient and should be declared invalid where the trial discloses such long-continued neglect of the obvious and reliable source of inquiry in favor of one who may have motive to conceal and deceive. I have decided, accordingly, that the notice of lien filed by the Otis Elevator Company cannot stand.

The notice of lien of the Hinkle Iron Company was filed on July 9, 1919, and discharged by the bond of the defendant National Surety Company on July 14, 1919. Nothing further was done concerning it until this action was commenced, sometime after October 16, 1919. The statute provides that a lien under a contract for a public improvement "shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time," or it is continued by a court order or, if the lienor is

made a defendant by another lienor, one or the other of them files a notice of pendency of action within the time prescribed. Lien Law, § 18.

The Hinkle Iron Company has lost all rights enforcible against the National Surety Company. The decision of the Court of Appeals in *Berger Mfg. Co.* v. *City of New York,* 206 N. Y. 24, 29, is in point, the Shoemaker Company therein mentioned being in the position of the Hinkle Iron Company. The court, per Chase, J., said: " The duration of a lien is prescribed by statute and the right to enforce it, like the right to file and create it, is derived therefrom, *and each is entirely dependent upon its terms."*

And later this rule was stated: " Where an undertaking is given its condition determines the obligation of the parties and its continuance. A valid lien on the primary fund must be established to require payment pursuant to the terms of the undertaking. (*Milliken Brothers, Inc.,* v. *City of New York,* 201 N. Y. 65.) The Shoemaker Company having failed to commence an action to enforce its lien within three months after filing the same, it could not establish a lien on the primary fund nor call upon the contractor and his surety for the payment of a judgment recovered in an action to enforce said lien. The condition of the undertaking, which is plain in its terms, is the full measure of the liability of the parties to it. The Special Term was right, therefore, in adjudging that the lien of the Shoemaker Company was unenforceable." P. 31.

The statute there considered prescribed the condition of·the undertaking, which followed the statute, as does that of the Hinkle Iron Company. I find that the lien herein was dicharged by lapse of time. The undertaking in *Sklar & Cohen Wood Working Co., Inc.,* v. *Owen,* 177 App. Div. 796, relied upon by the Hinkle Iron Company, was not conditioned in accordance with the statute.

Several of the notices of lien neither claim payment due for nor recite any "materials actually manufactured for but not delivered to such public improvement." Lien Law, § 12. It is urged by J. Dames Company that the notices of lien must, where they make no claim on account of such materials, state that none was so manufactured, on the theory that a statutory requirement is otherwise disregarded. I do not think that such claim can be sustained. Prior to the amendment by Laws of 1916, chapter 507, section 6, no provision had been made for a claim in regard to such materials. The amendement merely permits a claim where it exists.

The same company also attacks the two notices filed by the D. H. McLaury Tile Company. They were for $6,046.23 and $13,046.23 respectively. The second notice included the claim of the first notice, together with a claim of $7,000 for work and materials subsequently furnished. The trial disclosed that the materials under the $7,000 claim had been delivered but not installed and that title was still in the tile company. The second notice is, therefore, invalid. But the first notice was not affected.

I cannot allow the item of $2,000 for removing materials delivered on the job by J. Dames Company. Its damages on its counterclaim against Winternitz, accordingly, are $10,120.

Henry Maurer & Son contend that the shares in the fund of all subcontractors whose contracts provided that payment to them would not be due until Winternitz should be paid by the city ought to be restricted to one-tenth of their respective claims, on the theory that they, by making such contracts, permitted Winternitz to have ninety per cent of the money that would otherwise have been retained by the city. Nothing in those contracts restrained the subcontractors from

filing notice of lien as soon as their work was done. If they were negligent in filing such notices they were not more so than the objecting lienor, to whom payment was due upon performance.

The National Surety Company must pay costs to the plaintiff herein. No other costs are to be allowed. The unbonded liens, except those above held to be invalid, are payable from the fund, so far as it will go, in the order of their filing.

Ordered accordingly.