SCHENECTADY TILE CO., INC., Plaintiff, *v.* LYMAN T. SCHOONMAKER and Others, Defendants.

Supreme Court, Albany County, August 31, 1933.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* and *Carl O. Olson*, of counsel], for the plaintiff.

*Flanagan & Kaercher*, for the defendant Lyman T. Schoonmaker.

*Whalen, McNamee, Creble & Nichols*, for the defendant McClintic-Marshall Corporation.

*John J. Bennett, Jr., Attorney-General* [*Thomas Burke* of counsel], for the State of New York.

SCHENCK, J. This is a motion on behalf of the State of New York to reopen the above-entitled action for the purpose of determining what right, if any, the Standard Surety and Casualty Company has in the funds involved in said action and why such surety company should not be made a party defendant.

The action was commenced by plaintiff to foreclose a mechanic's lien filed by it against moneys due or to become due the defendant Schoonmaker under a contract with the State for the completion of the field artillery armory at Kingston, N. Y. The contract was completed December 23, 1932, and accepted on the certificate of the State Department of Public Works on that date. Upon such acceptance there became due and owing to the contractor the sum of $15,744.54.

The action was tried before Hon. Harold J. Hinman, official referee, who has made his decision. Before the entry of judgment, however, this motion was brought on by an order to show cause, obtained by the Attorney-General.

At the time of the execution of the contract between the State and the contractor, defendant Schoonmaker, the Standard Surety and Casualty Company, as surety, executed a performance bond. Several months after the completion and acceptance of the contract and on May 26, 1933, the State notified the surety company that there were certain defects in the construction of the armory under said contract and called upon the surety company to remedy the same, as the contractor had refused to do so. By the terms of the contract the contractor and surety were liable for the cost of remedying any defects which might arise in the construction work within twelve months from the completion of the contract. The amount of the liens of the defendant lienors is considerably in excess of the balance unpaid upon the contract.

The retained percentage on this contract was clearly money earned and became due and payable to the contractor on December 23, 1932, or to the lienors under their liens. The subsequent default by the contractor does not terminate the rights of the lienor, even though the owner is called upon to complete the contract. Such owner may recover from the contractor, but the lien

attaches to the fund at the time the retained percentage becomes due and payable to the contractor. (*American Radiator Co.* v. *City of New York*, 223 N. Y. 193; *Upton Company* v. *Flynn*, 169 App. Div. 79.)

When this work was accepted by the State, on December 23, 1932, the fund had been earned, the liens had attached to the fund and the subsequent default by the contractor does not affect the validity of such liens. The balance remaining unpaid upon the contract belongs to the lienors by virtue of their liens, and the said surety company cannot acquire a prior right thereto. As the fund is insufficient to pay the liens, the surety company can have no interest therein and the motion will be denied.

Enter order accordingly. No costs.