ERHARD F. SCHUESSLER, Appellant, *v.* MARY LOUISE MACK and Another, as Executrices, etc., of HUBERT L. MACK, Deceased, and Others, Respondents.

Fourth Department, March 14, 1934.

*Francis E. Cornish* [*Edwin J. Culligan* of counsel], for the appellant.

*Nolan & Flaherty* [*Ralph W. Nolan* of counsel], for the respondent Metropolitan Casualty Company of New York.

LEWIS, J. Plaintiff's action is to foreclose a mechanic's lien in the amount of $1,193.43 filed by him for motor truck service rendered in connection with the construction of a public improvement — the Corfu-Batavia highway, Genesee county, N. Y. The general contractor was Hubert L. Mack, now deceased, whose estate is a party defendant. A subcontract to furnish all necessary trucks for hauling road-making materials was awarded to the defendant George F. Smith, who, in turn, engaged the use of four trucks from the plaintiff, for non-payment of which plaintiff's lien was filed.

It is conceded that on October 18, 1928, the State Commissioner of Highways certified that the subcontractor, Smith, had earned $2,835.76 in addition to certain retained percentages. On or about October 20, 1928, Smith abandoned his subcontract. On November 2, 1928, the plaintiff filed the lien in suit which was thereafter discharged according to statute when the defendant surety company duly filed an undertaking conditioned upon the payment of any judgment which might be recovered in an action to enforce the lien. (Lien Law, § 21, subd. 5.) The bond has, therefore, become the subject of the lien. (*White. Plains Sash & Door Co.* v. *Doyle*, 262 N. Y. 16, 20.)

The single question presented by this appeal is whether, following the default of the subcontractor, Smith, there is any fund due him

from the general contractor, Mack, out of which the lien of the plaintiff can be satisfied and for which the defendant surety company may be held liable.

The surety company has been successful at an Equity Trial Term where it has been held that following said default by George F. Smith and the subsequent completion of the necessary motor trucking for a sum in excess of the original subcontract price therefor, there are no moneys due the defaulting subcontractor and accordingly there are no funds against which plaintiff's lien can attach. I cannot agree with that conclusion.

Let us assume defendant surety is correct in its contention that following the default of Smith the cost of furnishing motor trucks necessary to complete the contract was in excess of the price fixed by the original subcontract therefor, that fact would not defeat the plaintiff's lien provided, at the time it was filed, there had been earned by the original subcontractor and was then due him, a sum equal to or in excess of plaintiff's claim. When Smith abandoned his subcontract to furnish necessary trucking facilities, plaintiff's lien attached to the fund of $2,835.76 which had been previously certified by the State Commissioner of Highways as earned by and due the subcontractor. The forfeiture of the subcontract did not impair the lien filed against money earned and due prior to the default. The defaulting contractor " has no further right to compensation, if he has agreed to forfeit it, but the liens attach to the moneys as they are earned and become due, and the contractor's subsequent default does not terminate the rights of the lienors." (*American Radiator Co.* v. *City of New York*, 223 N. Y. 193, 197.)

The ruling in the case last cited is pertinent to the issue before us (p. 197). " The contractor after having earned a payment on his contract may default and the owner may have to complete the contract at a loss, or the owner may, after moneys are due and earned, be authorized to put an end to the contract and terminate the contractor's rights thereunder, but when a payment becomes due, the liberal construction which we are enjoined to place on the provisions of article one of the Lien Law, to secure the beneficial purposes thereof (§ 23) will not permit us to read into the statute the further requirement that the contract must be fully completed with a balance then due to the contractor before liens will attach."

As the amount of plaintiff's lien is less than the sum earned by and due the subcontractor prior to his default, the plaintiff is entitled to judgment upon the defendant surety company's bond which has been substituted for the fund against which the lien originally

attached. (*White Plains Sash & Door Co.* v. *Doyle, supra; Milliken Bros., Inc.,* v. *City of New York,* 201 N. Y. 65.)

The judgment should be modified and judgment granted against the defendants surety company and George F. Smith upon new findings to be prepared in accord with this opinion.

All concur.

Judgment modified on the law and facts, with costs, by granting judgment in favor of the plaintiff against the defendant surety (in addition to the judgment against George F. Smith) for the amount of the lien, with interest and costs. Certain additional findings of fact made.