C. J. FLANAGAN CONSTRUCTION CORP., Plaintiff, *v.* SOL CAFE MFG. CORP. et al., Defendants.

Supreme Court, Special Term, Queens County, November 8, 1954.

*Hyman J. Fliegel* and *Myles J. Lourie* for Sol Cafe Mfg. Corp., defendant.

*Austin & Du Pont* for plaintiff and Robert L. Goetz, defendant.

HALLINAN, J. In an action to foreclose a mechanic's lien, the defendant Sol Cafe Mfg. Corp. interposed a counterclaim against the plaintiff to recover damages for breach of contract dated September 17, 1953, as modified on December 18, 1953, pursuant to which plaintiff was to construct a building according to the plans annexed to the contract. Said defendant also joined the defendant Robert L. Goetz by way of counterclaim, alleging that the latter had guaranteed performance by the plaintiff of the aforementioned contract and demanded of said defendant the damages which allegedly resulted from the plaintiff's breach thereof. Subsequent to the joinder of issue, the mechanic's lien was satisfied of record in accordance with an agreement entered into between the plaintiff and the attorneys for the defendant Sol Cafe Mfg. Corp., pursuant to which said attorneys are holding in escrow certain United States government bearer bonds as collateral security for the payment of any final judgment that may be entered in favor of the plaintiff herein. This arrangement was entered into as a convenience to said defendant and for the purpose of avoiding the necessity of filing an undertaking

to discharge said mechanic's lien and without prejudice to the pending action to foreclose it. The plaintiff placed this cause upon the Special Term calendar of this court where it has already been reached for trial.

By motion made on October 22, 1954, and returnable on November 3, 1954, the defendant Sol Cafe Mfg. Corp. has moved for an order, pursuant to section 429 of the Civil Practice Act, directing that the issues arising out of the allegations of the counterclaims set forth in the answer be tried by a jury. The plaintiff and the defendant Goetz oppose this motion contending that the moving party had never demanded a jury trial and without conceding its right to such a trial, the same has been waived.

The general rule in equity in respect of the right to a jury trial of a legal counterclaim has been changed in respect of mechanics' liens by section 45 of the Lien Law. So far as pertinent said section provides: '' in case a counterclaim is set forth by any defendant in his answer, such defendant shall be deemed to have waived a trial by jury of the issues raised thereby.'' Accordingly, it must be held that upon interposing the legal counterclaims above described in the answer to plaintiff's action to foreclose a mechanic's lien, the moving party has waived its right to a jury trial of its said counterclaims. (*Birch Bldg. Corp.* v. *Thorp,* 274 App. Div. 888; *S. Klein, Inc.,* v. *New Deal Bldg. Corp.,* 171 Misc. 1058.) That waiver has in no way been rescinded or otherwise affected by the deposit of the security in lieu of an undertaking. The action remained of equitable cognizance to test the validity of the lien, had it not been discharged, and if found valid, to procure a judgment upon the security rather than a judgment of foreclosure against the real estate for which the security was substituted. (*White Plains Sash & Door Co.* v. *Doyle,* 262 N. Y. 16, 19–20.)

Accordingly, the moving party is not entitled to a jury trial as of right nor is it entitled to such a trial as a matter of discretion. Aside from the fact that a discretionary jury trial would only add to the already overburdened jury calendar, the issues presented in this case are such as can be readily and speedily determined by the justice presiding in the equity part for trials.

The motion is denied. Submit order.