Morris E. Speotor, J.
Motion to cancel the undertaking and discharge of record a certain notice of mechanic’s lien.
*952 It is petitioner’s contention that more than a year has elapsed since the filing of the notice of lien and that during such time lienor has taken no steps to foreclose the said lien or procure an order to continue such lien for a longer period.
Petitioner concedes that an action has been brought in the Municipal Court to establish the lien, but contends that such action is not a proceeding enumerated in section 17 of the Láen Law and does not extend the life of the said lien for a longer period than one year after the notice of Hen has been filed.
The Hen herein was filed March 23, 1959. An undertaking was filed on April 28,1959 and approved on May 13, 1959.
Action was commenced in the Municipal Court on March 29, 1960 to estabHsh the Hen.
Section 59 of the Lien Law provides for the cancellation of record of the lien by the posting of a bond. The real property thereafter is relieved of the incumbrance and the remedy of lienor is to estabHsh the validity of the Hen, and, if found vaHd, to procure a judgment upon the undertaking, rather than a judgment of foreclosure against the real estate. And such action may be brought before or after the filing of the undertaking (White Plains Sash & Door Co. v. Doyle, 262 N. Y. 16-19).
In the above-cited case, the court also stressed the apparent inconsistency of section 17 of the Lien Law in regard to continuing Hen, wherein a Hen will be continued beyond one year if within that time “ an action is commenced to foreclose the Hen, and a notice of the pendency of such action” be filed; yet, where ‘ ‘ a Hen is discharged by deposit or by order, a notice of pendency of action shall not be filed”. In comment, the court stated (pp. 20-21) “ We think that since the Legislature conditioned the continuance of the Hen upon the performance of two acts, one of which, by its express command, was forbidden to be done, necessarily continuance of the Hen must follow, if the one act permitted to be done is performed. Therefore, we hold that the bringing of the action to foreclose is sufficient in itself to continue the lien, so far as that mjay be necessary for the continued prosecution of the action against those signing the undertaking.”
Subdivision 1 of section 6 of the New York City Municipal Court Code specifically provides for an action to estabHsh a mechanic’s Hen on real property and to recover a personal judgment for the amount due.
Upon the prevaiHng law, petitioner’s contention is not supported. Accordingly, the application is denied.