NORTH AMERICAN CONTRACTING Co., INC., Plaintiff, v. 300 BROADWAY REALTY CORP., Also Known as INN TOWNE MOTEL, INC., et al., Defendants.

Supreme Court, Special Term, Albany County, May 1, 1962.

Bookstein, Zubres & D'Agostino (Stanley R. Bookstein of counsel), for 300 Broadway Realty Corp., defendant. Harvey M. Lifset and Elias Moubar for plaintiff.

LAWRENCE H. COOKE, J. In this action for the foreclosure of a mechanic's lien, defendant owner moves for the cancellation of the notice of pendency which has been filed. It appears that prior to the filing of said notice of pendency certain sums were deposited with the County Clerk, that the said Clerk noted that plaintiff's lien was " discharged by payment " and that thereafter, pursuant to order, an approved bond was filed substituting same for the cash deposited. No issue is raised as to the validity of said deposit or undertaking.

Section 17 of the Lien Law, among other things, specifically applies to liens discharged by deposit or undertaking and, in connection with such liens, further provides that where a lien is discharged by deposit or order a notice of pendency shall not be filed and, this provision being mandatory and not permissive, an owner is entitled to a cancellation of the lis pendens if he properly bonds the lien or makes deposit (White Plains Sash & Door Co. v. Doyle, 147 Misc. 2, affd. 236 App. Div. 857, affd. 262 N. Y. 16; Breen v. Lennon, 10 App. Div. 36; Matter of Burger Queen Corp. [Kaye, Inc.], 26 Misc 2d 951; Kaufman Wrecking Corp. v. Ranes Constr. Corp., 3 Misc 2d 847; Western Woodworking Co. v. Kaskel, 133 N. Y. S. 2d 632; Comolli & Co. v. Margolies, 130 Misc. 894; Blanc, Mechanics' Liens, p. 304; 16 Carmody-Wait, New York Practice, p. 174; see, also, Ward v. Kilpatrick, 85 N. Y. 413, 417–418; Sayville Fed. Sav. & Loan Assn. v. Schons, 17 Misc 2d 54; Flanagan Constr. Corp. v. Sol

*Cafe Mfg. Corp.*, 207 Misc. 215; *Sambur* v. *Fidelity & Deposit Co.*, 46 N. Y. S. 2d 370; *Sheffield* v. *Robinson*, 73 Hun 173). Section 17 is distinguishable in this respect from section 18 which is applicable to mechanics' liens on contracts for public improvement (*Catapano* v. *Clemente*, 85 N. Y. S. 2d 764, affd. 274 App. Div. 995; *Kaufman Wrecking Corp.* v. *Ranes Constr. Corp.*, 3 Misc 2d 847, *supra*).

The apparent inconsistency of section 17 of the Lien Law in regard to continuing a lien has been resolved by holding that the bringing of the action to foreclose is sufficient in itself to continue the lien so far as that may be necessary for the continued prosecution of the action against those signing the undertaking (*White Plains Sash & Door Co.* v. *Doyle*, 262 N. Y. 16, 20–21; *Matter of Burger Queen Corp.* [*Kaye, Inc.*], 26 Misc 2d 951, *supra*).

Motion for cancellation of the notice of pendency against defendant 300 Broadway Realty Corp. granted.