■ In the Matter of LINDT & SPRUNGLI USA, INC., Respondent, v PR PAINTING CORP., Appellant. [740 NYS2d 369] —In a proceeding, inter alia, to discharge a mechanic's lien, PR Painting Corp. appeals (1) from an order of the Supreme Court, Nassau County (Segal, J.), entered April 12, 2001, which granted the petitioner's motion, among other things, to cancel the undertaking filed by the petitioner, and (2), as limited by its brief, from so much of an order of the same court, dated July 11, 2001, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 12, 2001, is dismissed, as that order was superseded by the order dated July 11, 2001, made upon reargument; and it is further,

Ordered that the order dated July 11, 2001, is reversed insofar as appealed from, on the law, upon reargument, the order entered April 12, 2001, is vacated, and the petitioner's motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

On or about May 15, 1998, the appellant filed a notice of mechanic's lien for work performed at a store located in a mall in Nassau County. The petitioner, the tenant of the store, subsequently commenced a proceeding pursuant to Lien Law § 19 (4) to discharge the lien by filing an undertaking. By order dated October 6, 1998, the undertaking was approved. It was filed with the Nassau County Clerk on October 8, 1998.

RCM Corporation (hereinafter RCM), another company which had performed work at the mall, also filed mechanic's liens that were discharged by the filing of undertakings. In

October 1998, RCM commenced an action against the petitioner and others to foreclose its liens. As required by Lien Law § 44, the appellant was named as a defendant. In its answer, the appellant asserted cross claims, inter alia, to foreclose its mechanic's lien. By order entered November 19, 1999, a motion to dismiss RCM's complaint pursuant to CPLR 3126 was granted and the complaint was dismissed. According to the appellant, it was never served with the notice of motion.

In the proceeding in which it had obtained the order approving its undertaking, the petitioner subsequently moved, inter alia, to cancel the undertaking, contending that the dismissal of RCM's action terminated the appellant's lien. The Supreme Court granted the motion, concluding that the lien had expired by operation of law when RCM's action was dismissed. The appellant moved for leave to reargue, and, upon reargument, the court adhered to its initial determination.

The duration of a mechanic's lien is limited to one year after a notice of lien is filed unless an action to foreclose the lien is commenced within that time and a notice of pendency is filed or an extension of the lien has been obtained (*see* Lien Law § 17). Where a lienor is made a party defendant in an action to enforce another lien and a notice of pendency has been filed in that action, the lien of such defendant is continued (*see* Lien Law § 17).

When a lien is discharged by the filing of an undertaking, the lien is shifted to the undertaking and the filing of a notice of pendency is unnecessary and is, in fact, prohibited by statute (*see White Plains Sash & Door Co. v Doyle,* 262 NY 16; Lien Law § 17). In such a case, the action, although ostensibly one to foreclose the lien, is actually one to test the validity of the lien had it not been discharged, and, if valid, to obtain a judgment against the undertaking rather than a judgment of foreclosure against the property (*see White Plains Sash & Door Co. v Doyle, supra* at 19-20).

Thus, here, the commencement of RCM's foreclosure action naming the appellant as a defendant and the appellant's assertion of its cross claims continued the appellant's lien (*see White Plains Sash & Door Co. v Doyle, supra*). While the appellant's lien would have lapsed if its cross claims had been dismissed (*see Matter of Lycee Francais de New York v Calagna,* 26 Misc 2d 374), its cross claims were not dismissed in the order entered November 19, 1999. That order dismissed only RCM's complaint based on a motion made pursuant to CPLR 3126. Since the cross claims were not dismissed, the appellant's lien did not lapse and the court erred in granting the petitioner's

motion to cancel its undertaking. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.