In the Matter of the Application of STEPHEN MANOR HOMES, INC., Petitioner. HAROLD ANTONSEN, as Lienor, Respondent.

Supreme Court, Special Term, Nassau County, November 16, 1951.

*Louis Reibel* for petitioner.

*Edward J. Houser* for respondent.

HOOLEY, J. Motion to cancel an undertaking executed for the discharge of a notice of mechanic's lien which had been filed in Nassau County. The moving party herein commenced an action against the lienor for breach of contract in Queens County Supreme Court. The lienor counterclaimed for foreclosure of the lien and as is usual where the lien is bonded, did not seek a sale of the property but requested relief against the surety. The moving party now contends that the lien must be cancelled on the ground that the Supreme Court in Queens County does

not have jurisdiction to foreclose a mechanic's lien filed against property in Nassau County.

However, in this he is in error. When the lien has been discharged by deposit or undertaking, the deposit or undertaking is substituted for the security of the real estate (*Morton* v. *Tucker,* 145 N. Y. 244; *Nims* v. *Merritt,* 29 Misc. 58, affd. 45 App. Div. 631; *Sambur* v. *Fidelity & Deposit Co.,* 46 N. Y. S. 2d 370). The action to foreclose such a lien changes its character and it becomes transitory and it may be brought in a county other than the county where the real property is located (*Sambur* v. *Fidelity & Deposit Co., supra;* also Blanc on Mechanics' Liens, § 110a, p. 630; 2 Weed on New York Law of Real Property [3d ed.], p. 1081, and 9 Carmody on New York Practice, § 793).

The other contentions of the plaintiff are equally untenable. The amended answer shows the impleading of the necessary defendants and they have been served with a copy of the answer. The counterclaim was properly interposed herein. Under section 262 of the Civil Practice Act, the defendant may set forth in his answer as many defenses or counterclaims as he has whether the same were formerly denominated legal or equitable.

Motion denied.