Fred J. Munder, J.
In this action to foreclose a mortgage the surveyors, Hawkins & Webb, were named parties defendant, as claiming a lien on the premises which allegedly accrued subsequently to the lien of the mortgage. These defendants now. move for summary judgment, adjudging their lien to be superior and prior to the lien of the mortgage and that it be first paid out *55 of the proceeds of sale in the event foreclosure is granted. On cross motion the mortgagee admits the priority of the surveyors’ lien and asks leave to discontinue the action as to these defendants.
It is now conceded that Hawkins & Webb filed their notice of lien prior to the execution of the mortgage herein, that in November of 1957 suit was commenced in this court to foreclose the lien against all the parties to this action, and that upon the filing of a bond the lien was discharged by order of the Supreme Court, Nassau County, on November 22, 1957. That action is still pending. In the present action, instituted July 22, 1958, the superiority and continuance of the lien are therefore not at issue.
In opposing the plaintiff’s cross motion the lienors further contend that the discontinuance should not be permitted because (1) they are necessary parties to the action, and (2) they are seeking affirmative relief.
The claim that they are necessary parties is untenable. The only proper and necessary parties to a foreclosure action are the mortgagee, the mortgagor and those who have acquired rights under them subsequent to the mortgage. (See Harrison v. Bain Estates, 2 Misc 2d 52 and case therein cited.)
There remains only the question of whether it would be unjust and inequitable-to eliminate them as defendants in this action once they have been joined and seek affirmative relief. It manifestly would not. The validity of their lien is already at issue and will be determined in the pending mechanics’ lien action. In light of the bond given to discharge the lien in that action these defendants have no further interest in the real property and are not entitled to the relief they seek in this action. The bond has taken the place of the property and becomes the subject of the lien. (Morton v. Tucker, 145 N. Y. 244; Schriefer v. Hewlett Manor Co., 228 App. Div. 649.) The mechanics ’ lien action, though ostensibly one to foreclose the lien, is in reality one only to test its validity had it not been discharged, and, if found valid, to procure a judgment on the bond. (White Plains Sash & Door Co. v. Doyle, 262 N. Y. 16.)
The motion for summary judgment is denied.
The cross motion to discontinue this action as to the defendants Hawkins & Webb, is granted upon the payment by the plaintiff of taxable costs to the date of this application.
Settle order accordingly.