**Application of the COMMONWEALTH OF MASSACHUSETTS for Payment of Certain Funds Paid into the Registry of This Court and Thereafter Remitted to the Treasury of the United States Which Said Funds Represent Certain Unclaimed Monies to the Credit of the Bankruptcy Proceedings Listed in Schedule A of the Petition Which Bankruptcy Proceedings are in the Matter of the Petition the Respondents.**

**Civ. No. 56–29–M.**

United States District Court
D. Massachusetts.
June 5, 1962.

Geo. Luftman, Leo J. Sontag, Vincent J. Celia, Boston, Mass., for plaintiff.

S. R. J. Suchecki, Asst. U. S. Atty., for defendant.

McCARTHY, Senior District Judge (Retired, by Designation).

This was an action brought by the Commonwealth of Massachusetts seeking a decree of this court in the form of an order directing the payment to the Commonwealth of undistributed bankruptcy dividends now held in the United States Treasury. This suit was instituted on July 5, 1956 by the Commissioner of Corporations and Taxation. The petitioner, the Commissioner of Corporations and Taxation, alleges that he is charged with the duty of enforcing the provisions of General Laws, Chapter 200A, Abandoned

Property Law. Section 6 of Chapter 200A of said law provides as follows: "Monies paid into any court within this commonwealth for distribution, and the increments thereof, shall be presumed abandoned if not claimed within fourteen years after the date of payment into court, or as soon after the fourteen year period as all claims filed in connection with it have been disallowed or settled by the court." Section 7 of said law provides for the reporting and turning over of said property to the Commissioner of Corporations and Taxation on or before November 1 of each year.

The funds listed in petitioner's Schedule A, representing unclaimed moneys paid into the court for distribution, were deposited with the Clerk of Courts to the credit of bankruptcy proceedings. These monies have remained unclaimed for more than fourteen years after the date of payment into the court and all claims in connection with them have been disallowed or settled by the court and after five years from the date of payment into the court were, pursuant to the provisions of Section 2042 of Title 28 of the United States Code, remitted to the Treasury of the United States.

The petitioner asserts that it is the proper claimant of such monies and is entitled to payment thereof under the provisions of General Laws, Chapter 200A, together with whatever lawful interest may have accrued thereon and seeks an order from this Court that these funds be paid over to the Commonwealth of Massachusetts under Section 2042 of Title 28 of the United States Code. The parties have stipulated that all the foregoing facts are true with the exception of petitioner's claim to be the proper claimant.

The bankruptcy funds here in question were deposited pursuant to Section 66 of the Bankruptcy Act, 11 U.S.C.A. § 106, which provides:

"Unclaimed moneys

"a. Dividends or other moneys which remain unclaimed for sixty days after final dividend has been declared and distributed shall be paid by trustee into court of bankruptcy; and at same time trustee shall file with clerk list of names and post-office addresses, as far as known, of the persons entitled thereto, showing the respective amounts payable to them.

"b. Dividends remaining unclaimed for one year shall, under direction of the court, be distributed to creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full balance shall be paid to bankrupt * * *."

This section of the Act was amended by the Act of August 1, 1956, c. 819, 70 Stat. 785, which repealed subdivision b of said Section and added the following sentence to Subdivision a: "Such moneys and dividends shall be deposited and withdrawn as provided in section 2042 of Title 28, and shall not be subject to escheat under the laws of any State." As noted above the State filed their petition on July 5, 1956 and the Bankruptcy Act was amended to prohibit escheats to the States on August 1, 1956.

The Massachusetts escheat statute is allegedly a self-executing escheat statute and it is the contention of the petitioner in its brief that the Massachusetts Abandoned Property Law has been held to be an effective escheat statute and that it should be considered as such by this Court. It further contends that no judicial decree is required to effectuate the escheat, but rather after fourteen years the property is presumed to be abandoned.

One of the most important questions to be determined in this case is the effect and scope of the Massachusetts Abandoned Property Law under which the petitioner is now claiming. In order for the petitioner to seek these funds under the provisions of the unamended Section 66 of the Bankruptcy Act an effective escheat to the Commonwealth must have been completed prior to the time of the amendment August 1, 1956. If a judicial

decree by a State Court or other action is required on the part of the petitioner to perfect its claim, it would appear that the petitioner would be unable to claim application of a law which has been repealed, but must now act under the law as amended.

■ The power to escheat is an incident of the state's general authority over devolution and disposition of property within its jurisdiction and is properly exercisable by virtue of sovereignty over property owner or situs of property. Although unclaimed funds which have been deposited in the registry of the federal courts and in the federal Treasury are required to be in the name and to the credit of the United States under Section 2042 of Title 28 of the United States Code, the United States has no beneficial interest therein but holds the money as a statutory trustee for the rightful owners when and if they are determined. Moreover, a statute is always presumed to operate prospectively where there is not a clear expression in it to the contrary and such a prospective construction is more appropriate where it will eliminate a serious question of constitutional validity which arises if the statute were applied retroactively to order escheating such money to state entered before amendment. In re Moneys Deposited, etc., 3 Cir., 243 F.2d 443. This Court does not now question the Commonwealth's right of escheat to the funds under the prior law but rather whether an escheat had ever been effectuated so as to give the Commonwealth a good title to such funds.

In this case no escheat order has been decreed by any state court. The Commonwealth in its brief contends that this is a self-executing escheat statute requiring no such judicial decree. Moreover, no notice has yet been given to possible claimants of these undistributed bankruptcy dividends. These facts raise two questions, to wit: first, is the federal court in effect being asked to effectuate an escheat of these funds by entering a judgment of escheat in favor of the Commonwealth of Massachusetts and if

so, whether it has the power to do so; and second, whether the lack of any notice deprives the possible claimants of due process thereby preventing the Commonwealth from obtaining a good title.

■ Section 2042 or Title 28 of the United States Code provides that " * * Any claimant entitled to any such money may, on petition to the court and upon notice to the United States Attorney and full proof of the right thereto, obtain an order directing payment to him." This clearly means that under the provisions of this section the burden is on the claimant of the funds to make full proof of his right thereto. As to distribution the moneys are still under the control of this Court and can be awarded only to those who establish their right thereto. Any claimant, whether the Commonwealth of Massachusetts or otherwise, can be awarded the money only upon full proof of right thereto. Klein v. Brodbeck, D.C.E.D.Pa., 15 F.Supp. 473.

■ This means that the Commonwealth of Massachusetts, as would any other claimant, must be required to show their title to these funds. The fact that the monies may be escheatable is not proof that they have escheated. What the Commonwealth asserts as its claim in these proceedings is that the state statutes confer no jurisdiction on the state courts to enter judgment to escheat the monies, but that the Federal District Court has the power to accomplish this end. The power of this Court is limited to that conferred on it by Congress and can be expressed in very simple language. The power in this area is restricted to the awarding of funds to one who has title to them. The Federal District Court is without authority to enter a judgment of escheat awarding moneys under its control to the state in the absence of a judgment of escheat in favor of the state in a state court. Klein v. Brodbeck, supra.

The Bankruptcy Act, prior to the amendment of Section 66 had set up a method of distribution of funds adjudicated as lawfully belonging to persons

who never made claim for such money which did not constitute preemption of the field by federal law and did not require the state law to be interpreted to exclude escheat of such money arising from bankruptcy proceedings in the Federal District Court within the state or otherwise become invalid because it was in conflict with federal law. But it is unnecessary to discuss this question further at this time under the decision reached in this opinion, for subdivision b of Section 66, as noted above, has been repealed by the Act of August 1, 1956, after the Commonwealth filed their petition and escheats are now expressly prohibited under the laws of any state. Although the constitutionality of this amendment has not yet been tested, it would appear that hereafter it will be impossible to avoid a conflict between the state's right of escheat and the federal government's occupation of the field in this area. However, it is not necessary to consider the constitutional aspects of this question now since this Court finds that an effective escheat has not yet been accomplished by the Commonwealth and hence no conflict has yet arisen which would require such a decision.

■ With respect to the question of prior notice to the unknown creditors before an effective escheat can be accomplished, it was held in Application of People of State of New York, D.C. N.Y., 138 F.Supp. 661, that the parties are entitled to notice and an opportunity to be heard before a decree is entered against them in order that they not be denied due process of law. What constitutes reasonable notice will depend on the circumstances of each case and conformity to a state statute is not necessarily conformity to due process since this is a federal question which is ultimately to be determined by federal law in federal courts especially where particular state statute whose provisions are in question is one which affects federal adjudicated rights. Theoretically unknown claimants may be relying on their right to come in and assert their claim at any time without limitation in the federal court, and any escheat decree obtained without reasonable warning to these creditors that they may no longer so rely will actually operate to divest them of a federally created right. The New York statute in question provided for an escheat decree to be entered by a state court, whereas the Massachusetts statute does not so provide.

■ Observing the requirements of due process, the Commonwealth could have determined that all other rights to the unclaimed dividends had failed and have asserted its own claim as ultimate beneficiary to the entire fund. The question here is whether the Commonwealth has observed these requirements of due process in order to accomplish an effective escheat of these funds. The Commonwealth cannot now ask the federal court to do this.

Here the federal court would in effect be ordering a decree of escheat of these funds to the Commonwealth. Yet no notice has yet been given to the unknown creditors. To do this would be a violation of due process since these unknown creditors may still be relying on their right to come into federal court. Without the proper prior notice to such persons, although the property may be presumed to be abandoned after fourteen years, an effective escheat as to this fund is not accomplished until such time as sufficient notice and time is allowed for the unknown claimants to appear.

Even though a judicial decree of escheat may not be a prerequisite to an effective escheat at least some type of notice has been required to accomplish this result. Anderson National Bank v. Luckett, 321 U.S. 233, 64 S.Ct. 699, 88 L.Ed. 692 (1944). In the Anderson National Bank case, which involved abandoned bank deposits, although the Supreme Court held that a prior judicial determination was not needed in every instance, there was a notice posted of the depositors and a certain period of time allowed for them to appear. When

no one appeared the bank desposits escheated to the state.

It is the judgment of this Court that either a judicial decree of escheat by a state court was an indispensable requirement or at least some prior notice to the unknown claimants was necessary as a condition precedent in order for the Commonwealth to have acquired a good title to these funds.

The motion to dismiss filed by the United States of America is hereby allowed.