In the Matter of **HUDSON & MANHAT-TAN RAILROAD COMPANY,** Debtor.

United States District Court
S. D. New York.
June 22, 1965.

See also D.C., 224 F.Supp. 815.

L. Robert Driver, Jr., New York City, for Hudson & Manhattan Corp.

McGoldrick, Dannett, Horowitz & Golub, New York City, for the Trustee.

Richard V. Bandler, New York City, for the Securities and Exchange Commission.

Richter, Lord & Levy, Philadelphia, Pa., for claimant named as Adrian Parker, and for Margaret M. McAuliffe, administratrix of the estate of Denis J. McAuliffe, deceased.

Finkelstein, Benton & Soll, New York City, for Edward H. Hirst's Estate, assignee of Handi-Man Co., Inc.

Goldstein, Golenback & Barrell, New York City, for Peele Co.

RYAN, Chief Judge.

Hudson & Manhattan Railroad Company, the reorganized corporation in this Chapter X Bankruptcy proceeding, has applied for an order directed to Robert B. Kroner, Esq., a member of the New Jersey Bar, and all acting in concert with him, perpetually enjoining and restraining them from further prosecuting escheat claims against the reorganized company or the Debtor, except by action in this Court in the Chapter X proceeding.

Specifically it is asked that they be perpetually enjoined and restrained from prosecuting, continuing or enforcing the action heretofore brought entitled "STATE OF NEW JERSEY, By Theodore D. Parsons, Attorney General of The State of New Jersey, Plaintiff, vs. HUDSON & MANHATTAN RAILROAD COMPANY, A New Jersey Corporation, Defendant." in the Superior Court of New Jersey, Mercer County (Docket No. C522-53) and from instituting, prosecuting, continuing or enforcing any similar action or proceeding in the same or any other Court, except this Court, which seeks to attack the Plan of Reorganization of the Debtor or make claims to any property held by the Debtor and now in the hands of Hudson & Manhattan Corporation or Manufacturers Hanover Trust Company, the Exchange and Distributing Agent under the Plan of Reorganization; provided, however, that nothing in such injunction shall be construed as preventing the State of New Jersey from submitting to this Court for consideration, subject to the prior orders of this Court, such claim to any of such property as it thinks it may have.

It appears that in fact the State of New Jersey instituted two actions in the Superior Court of New Jersey in late 1953. One was brought under the New Jersey escheat statute (N.J.S. 2A:37, N.J.S.A.) seeking to claim personal property in the hands of the Hudson & Manhattan Railroad Company, the Debtor, held for at least 14 years, including dividends, shares of stock, bonds and other property which had escheated to the State. The second action was instituted under the New Jersey Custodial Escheat Act (N.J.S. 2A:37-29, N.J.S.A.) which requires all corporations organized in New Jersey and who have custody or possession of, or who have deposited with an agent or trustee within or without the state any monies which are or shall be payable as dividends on stock, interest on bonds or wages due whose owner remains unknown for a period of five years upon order of the Superior Court to deliver said monies to the State Treasurer. This motion is accepted as directed to the further prosecution of both these suits as well as to all further attempts to enforce payment of these claims except by action in this Chapter X proceeding.

The suits in New Jersey Superior Court were pending when the Chapter X petition was filed; issue was joined and the suits have laid unprosecuted at least since December 14, 1954, when this Court entered Order No. 10, which contained the usual stay against the prosecution of suits pending against the Debtor. The instant motion follows the belated efforts of substituted counsel for the State of New Jersey to restore the two suits to the Active Calender of the Superior Court.

It apparently is not disputed that the 1954 balance sheet of the Debtor, as of August 11, 1954, shows unclaimed interest on the funded debt was $136,781; and unclaimed dividends (the last of which were declared in 1932) amounted to $33,059.31; as well as other unclaimed items of interest, death benefits, wages and war bond deposits totalling $11,728.25. During the course of administration, the Trustee paid out $47,877 in bond interest up to May 18, 1964, and has paid other small amounts claimed.

The record of proceedings had in this Court discloses that the State of New Jersey was on notice as to all steps leading to the Plan of Reorganization; that it was given notice, pursuant to Order No. 265 to file proof of claim; that it was given notice of the hearing to fix the bar period; and, although the Attorney General in December 1961 appealed from the order directing consummation of the Plan of Reorganization, not once did the State of New Jersey, or any other officer of the State, assert a claim in these proceedings under the State's escheat laws or specify such a claim as a ground for its appeal. The appeal was dismissed September 28, 1962, upon stipulation.

The Plan of Reorganization was consummated at midnight on December 31, 1961, pursuant to Order No. 518 which directed payment in full of all unpaid coupons on the Debtor's First Mortgage and First Lien and Refunding bonds (irrespective of their age), 20% on certain coupons on the Adjustment Income bonds, 100% on certain wage claims and 10% on various unsecured claims. No provision was made for any claims for unpaid dividends. Order No. 533 herein (the "Bar Order") provides that, subject to further order of this Court, coupons and other claims not paid within seven years after the final decree herein shall become the property of Petitioner. Order No. 518 also requires Petitioner to expend monies during the next seven years to locate all claimants.

Under the facts here present, it is clear that the merits of the claim of the State of New Jersey should be passed upon by this Court. The continued orderly administration of the affairs of the Debtor dictate that this course be followed (Cf. In re Associated Gas & Electric, 137 F.2d 607 (C.A. 2, 1943). We do not now express any opinion as to whether the further assertion of claims by the State of New Jersey has been barred by laches or for any other reason, or whether the funds involved are impressed with a trust (See Carrier Corporation, et al. v. J. E. Schecter Corp., Sept. 1964 Term, C.A. 2, 347 F.2d 153, decided May 21, 1965). We regard United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840 (1938) as not apposite for it concerned only funds on deposit in a diversity suit; and application of Commonwealth of Massachusetts, 206 F.Supp. 106 (D.C., Mass.) likewise is not applicable for it dealt only with unclaimed dividends in bankruptcy.

Application is granted; settle order on 5 days' notice.