# FOURTH DEPARTMENT, APRIL, 1966

## (April 7, 1966)

In the Matter of MARGARET COOPER et al., Appellants, v. SAMUEL J. EMMANUELE, Respondent.— Order unanimously reversed, with costs and motion granted. Memorandum: The order appealed from which denied the application to vacate a former order of the court dated November 17, 1964, which directed payment to Emmanuele, the lienor, of the funds deposited to discharge the mechanic's lien should be reversed, and such former order should be vacated. Apparently the former order was granted under the mistaken impression that payment into court to discharge a mechanic's lien constituted payment to the lienor. This impression was erroneous. The payment merely substituted the funds for the real property, as security for the payment of the lien if, and only if, the lien should be judicially established. (*Matter of Dean*, 83 Hun 413; see, also, *Matter of Standard Tile Co.*, 256 App. Div. 1096, mod. 257 App. Div. 834.) Notice of the application for payment was required under section 20 of the Lien Law. Although the affidavits in opposition to the motion to vacate state that notice of the application for the November 17, 1964 order was given to Aero Drive-In, Inc., there is no affidavit of service in the record, nor is one recited in the order. It appears to be a typical ex parte order. Furthermore, the records of the County Clerk contain no such notice or affidavit of service thereof. (Appeal from order of Erie Special Term denying petitioners' motion to vacate the ex parte order of Justice HAROLD P. KELLY, entered November 17, 1964.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.