534 F.2d 1050
 In the Matter of STANNDCO DEVELOPERS, INC., Debtor.
AMADORI CONSTRUCTION CO., INC., Plaintiff-Appellant,
v.
George HOFFENBERG, Trustee in Reorganization of Stanndco
Developers, Inc.
and
Travelers Indemnity Company, Defendants-Appellees.
 No. 310, Docket 75-5013.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 22, 1975.
Decided April 26, 1976.
 
 Francis X. Murphy, Buffalo, N. Y., for appellant Amadori Const. Co., inc.
 James B. Doyle, Rochester, N. Y., for appellee George Hoffenberg as Trustee in Reorganization of Stanndco Developers, Inc.
 Before HAYS, TIMBERS and GURFEIN, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 Appellant Amadori Construction Co., Inc. ("Amadori") entered into a contract with Stanndco Developers, Inc. ("Stanndco") for the rental of a backhoe for the agreed price of $13,910. Stanndco paid on account $2,410 thereby leaving a balance of $11,500 plus interest. On September 20, 1973 Amadori filed a mechanics' lien on real property owned by Stanndco in the County Clerk's Office of Monroe County, New York for the balance which was then allegedly overdue. Stanndco effected a discharge of the mechanics' lien on October 1, 1973 by filing an undertaking in the amount of $13,000 conditioned for the payment of any judgment in any subsequent action brought by Amadori to enforce its lien. Travelers Indemnity Company was the surety on this mechanics' lien release bond. Stanndco had indemnified the surety for the full amount of its bond by obtaining on September 27, 1973 an irrevocable letter of credit issued to the surety from Manufacturers and Traders Trust Company, Stanndco's mortgagee. This transaction was financed through the use of a portion of Stanndco's mortgage monies. Funds of Stanndco were therefore utilized to discharge Amadori's lien by obtaining the surety bond.
 
 
 2
 On November 7, 1973 Amadori commenced an action in the Supreme Court, Erie County, New York to foreclose its mechanics' lien. This suit was brought in accordance with the conditions of the release bond and the New York Lien Law to obtain a judgment against Stanndco and the surety on their joint undertaking.
 
 
 3
 On February 5, 1974 Stanndco filed a Petition in Reorganization pursuant to Chapter X of the Bankruptcy Act in the United States District Court for the Western District of New York. The district court appointed George Hoffenberg Trustee in Reorganization in the Chapter X proceeding and issued a stay preventing the commencement or continuation of any suits against the debtor, Stanndco.[1] Amadori was thereby ordered to discontinue its state court action to foreclose on its mechanics' lien.
 
 
 4
 The present appeal concerns a motion made by Amadori in the district court seeking modification of the stay to allow it to continue its action in the New York Supreme Court to final judgment against the surety on its bond without any personal judgment against the debtor or its trustee. On May 23, 1975 the district court filed its order denying the motion in all respects. We reverse.
 
 
 5
 Section 111 of the Bankruptcy Act, 11 U.S.C. § 511 grants the Bankruptcy Court in Chapter X reorganization proceedings "exclusive jurisdiction of the debtor and its property, wherever located."[2] Section 116(4) of the Act, 11 U.S.C. § 516(4), provides that the court may "enjoin or stay until final decree the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor."[3] The object of these statutory provisions is to allow the Court to maintain the status quo of the debtor by restraining other proceedings which would impede the reorganization effort by bringing about the liquidation of the debtor's property or assets. See, Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Is. & Pac. Ry. Co., 294 U.S. 648, 675-76, 55 S.Ct. 595, 605, 79 L.Ed. 1110, 1127-1128 (1935); First Nat. Bank in Houston, Tex. v. Lake, 199 F.2d 524, 527-28 (4th Cir. 1952), cert. denied, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705 (1953); In re Hudson & Manhattan R.R. Co., 242 F.Supp. 811 (S.D.N.Y.1965). The issue in the instant appeal is whether Amadori's suit in the state Supreme Court based on its mechanics' lien carries this potential effect and is therefore one within the contemplation of the stay provisions of the Act. We believe that it is not and that therefore the district court was without jurisdiction to restrain the New York proceeding. We hold that the court erred in refusing to modify its stay order so as to permit Amadori's action to continue in accordance with the proposed conditions.
 
 
 6
 It is well established that in order for a judicial proceeding to be subject to the injunctive authority of the Chapter X court it must have as its immediate objective a judgment against the debtor or interference with property of the debtor which is under the reorganization court's jurisdiction. Amoco Pipeline Co. v. Admiral Crude Oil Corp., 490 F.2d 114 (10th Cir. 1974); In re Beck Industries, Inc., 479 F.2d 410 (2d Cir.), cert. denied, 414 U.S. 858, 94 S.Ct. 163, 38 L.Ed.2d 108 (1973); In re Muntz TV, Inc., 229 F.2d 314 (7th Cir. 1956); Warden v. Brady, 115 F.2d 89 (4th Cir. 1940); In re Hotel Martin Co. of Utica, 94 F.2d 643 (2d Cir. 1938); In re Prudence Co., Inc., 82 F.2d 755 (2d Cir.), cert. denied, 298 U.S. 685, 56 S.Ct. 957, 80 L.Ed. 1405 (1936); In re Adolf Gobel, Inc., 80 F.2d 849 (2d Cir. 1936). The district court in reorganization proceedings has no jurisdiction under the Act to restrain state court proceedings seeking to enforce liens on property not belonging to the debtor. In re Patten Paper Co., 86 F.2d 761, 765 (7th Cir. 1936); 6 Collier on Bankruptcy P 3.32 at p. 657 (14th ed. 1972). Suits against persons concerning property which is not that of the debtor do not interfere with the reorganization of the debtor's estate and therefore are not enjoinable by the bankruptcy court. In re Muntz TV, Inc., supra at 316-17. "Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate." Callaway v. Benton, 336 U.S. 132, 142, 69 S.Ct. 435, 441, 93 L.Ed. 553, 561 (1949).
 
 
 7
 The suit begun by Amadori in the state court against Stanndco and its surety on the mechanics' lien release bond is not a "proceeding to enforce a lien upon the property of the debtor" within the meaning of Section 116(4). The mechanics' lien filed on September 20, 1973 against the real property of the debtor in Monroe County was discharged by order of the Monroe County Supreme Court on October 1, 1973 after the filing in that court of the undertaking in the sum of $13,000, executed by debtor as principal and Travelers Indemnity Company as surety and "conditioned for the payment of any judgment that may be rendered against the property in any action to enforce the lien."
 
 
 8
 In accordance with the New York Lien Law, upon discharge of a mechanics' lien pursuant to the filing and court approval of an undertaking any subsequent suit by the mechanics' lienor is one on the bond which has been substituted as security for the real estate or property. N.Y.Lien Law § 37 (McKinney 1966). The release bond executed by the defendants has therefore taken the place of the debtor's property.[4] Morton v. Tucker, 145 N.Y. 244, 40 N.E. 3 (1895); Sayville Federal Savings & Loan Assoc. v. Schons, 17 Misc.2d 54, 183 N.Y.S.2d 106 (Suffolk County Ct.1958). Cf. Cooper v. Emmanuele, 25 A.D.2d 809, 270 N.Y.S.2d 99 (4th Dept. 1966). Thus while the action brought by Amadori is ostensibly one to foreclose its mechanics' lien on the debtor's property in Monroe County, the real purpose of the suit is to test the validity of the lien had it not been discharged, and, if found valid, to obtain judgment on the bond upon which the surety would, of course, be liable. White Plains Sash & Door Co., Inc. v. Doyle, 262 N.Y. 16, 186 N.E. 33 (1933); A. L. Plumbing and Heating Co., Inc. v. Kesdeit Realty Corp., 15 A.D.2d 546, 223 N.Y.S.2d 6 (2d Dept. 1961); Application of Burger Queen, Corp., 26 Misc.2d 951, 204 N.Y.S.2d 701 (Sup.Ct.1960). As stated in a leading New York Court of Appeals decision, "(t)he very end to be achieved by the filing of undertakings, conditioned upon the payment of the liens found to be outstanding, is to relieve the real estate from incumbrances, so that the same may freely be alienated by the owner." White Plains Sash & Door Co., Inc. v. Doyle, supra 262 N.Y. at 19, 186 N.E. at 34. Should Amadori succeed in establishing the prior validity of its now discharged mechanics' lien,[5] execution of its judgment would not result in foreclosure of debtor's real estate but would rather be satisfied by means of the undertaking substituted in its place. Therefore, its suit is not one "leading to the divestiture of the debtor's title," In re Thomas J. Grosso Investment, Inc., 457 F.2d 168, 172 (9th Cir. 1972), and enjoinable by the bankruptcy court pursuant to Section 116(4) but is for the purpose of establishing the liability of the surety and obtaining a judgment in accord with Section 16 of the Bankruptcy Act, 11 U.S.C. § 34, which provides that
 
 
 9
 "(t)he liability of a person who is a co-debtor with, or guarantor in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."
 
 
 10
 See, Mace v. Wells, 48 U.S. (7 How.) 272, 12 L.Ed. 698 (1849); Union Trust Co. of Rochester v. Willsea, 275 N.Y. 164, 9 N.E.2d 820 (1937).
 
 
 11
 Although the debtor is a named defendant in the state suit, compare In re Beck Industries, supra at 414, the basis for objection on this account is removed by modification of the stay order to provide that Amadori may continue its action in the New York court to final judgment against the surety without any concurrent personal judgment taken against the debtor or trustee. This course, sought by appellant in the district court, is the procedure generally adopted. See, Hill v. Harding, 130 U.S. 699, 9 S.Ct. 725, 32 L.Ed. 1083 (1889). See also, Grand Union Equipment Co., Inc. v. Lippner, 167 F.2d 958 (2d Cir. 1948); In re Diversey Bldg. Corp., 86 F.2d 456 (7th Cir. 1936), cert. denied, 300 U.S. 622, 57 S.Ct. 492, 81 L.Ed. 870 (1937); In re Nine North Church Street, Inc., 82 F.2d 186 (2d Cir. 1936); Handelman v. Olen, 53 Misc.2d 566, 279 N.Y.S.2d 48 (Sup.Ct.N.Y.Co.1967). "The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and within the spirit of that provision of the bankrupt act which declares that 'no discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.' " Hill v. Harding, supra, 130 U.S. at 703-04, 9 S.Ct. at 726, 32 L.Ed. at 1084, citing predecessor to Section 16 of the Bankruptcy Act, 11 U.S.C. § 34.
 
 
 12
 The trustee argues that if appellant were to obtain a judgment against the surety upon its bond, it would, in effect, result in a preference to Amadori over other creditors of the debtor because Stanndco has fully indemnified the surety on the undertaking secured to discharge Amadori's mechanics' lien by obtaining an irrevocable letter of credit payable to the surety in the event of adjudged liability on the release bond. However, even if the surety should succeed in obtaining full reimbursement pursuant to the letter of credit in its favor, we disagree that this would constitute a preference to the lienor in violation of the Bankruptcy Act under the circumstances of this case. Section 67(a)(2) of the Act, 11 U.S.C. § 107(a)(2), prohibits debtors from granting indirect preferences through the device of obtaining the release of a lien by furnishing a bond and indemnifying the surety thereon through a transfer or pledge of property to it. However, in order to fall within this proscription, the lien which is released must first be deemed void by reason of Section 67(a) (1) of the Act, 11 U.S.C. § 107(a)(1), which nullifies all liens against a debtor's property obtained within four months prior to the filing of the petition if the debtor was insolvent at the time the lien attached.[6] In the instant case, both the mechanics' lien and undertaking which procured its discharge were obtained prior to the four month period preceding Stanndco's petition for reorganization.[7] Therefore neither statutory provision has application here. Straton v. New, 283 U.S. 318, 322, 51 S.Ct. 465, 75 L.Ed. 1060 (1931); 4 Collier on Bankruptcy P 67.04 at 87 (14th ed. 1975). Cf. In re General Steel Tank Co., Inc., 478 F.2d 294 (4th Cir. 1973) (liability of unindemnified surety on bonds given to release debtor's property attached within four months prior to filing petition for arrangement upheld).
 
 
 13
 Since Amadori's suit will not interfere with the execution of any plan of reorganization that may be formulated by the Chapter X court, see, e. g., Foust v. Munson Steamship Lines, 299 U.S. 77, 87-88, 57 S.Ct. 90, 95, 81 L.Ed. 49, 55-56 (1936), nor contravene any provision of the Bankruptcy Act, the stay of its action is modified in accordance with this opinion.
 
 
 
 [1]
 The district court's stay provided, in part, as follows:
 "That until final decree or the further order of this court, all creditors and stockholders, and all sheriffs, marshals and other officers, and their respective attorneys, agents and employees, and all other persons, firms and corporations, shall be, and they are hereby jointly and severally enjoined and stayed from commencing or continuing the prosecution of any action at law or suit or proceeding in equity against said Debtor or said Trustee in any court, or from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in possession of the said Debtor or said Trustee, and from doing any act or thing whatsoever to interfere with the possession or management by said Debtor or said Trustee of the property and assets of the Debtor, or in any way to interfere with said Trustee in the discharge of his duties herein, or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over said Debtor and said Trustee in their respective properties. . . ."
 
 
 [2]
 Section 111 of the Act provides in full:
 "Where not inconsistent with the provisions of this chapter, the court in which a petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and its property, wherever located."
 
 
 [3]
 Section 116(4) of the Act provides, in full:
 "Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties in this chapter conferred and imposed upon him and the court
 "(4) in addition to the relief provided by section 29 of this title, enjoin or stay until final decree the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor."
 In the absence of a court ordered stay pursuant to Section 116(4), the Bankruptcy Act provides for an automatic stay of all actions against the debtor upon approval by the court of the debtor's petition in Section 148, 11 U.S.C. § 548.
 "Until otherwise ordered by the judge, an order approving a petition shall operate as a stay of a prior pending bankruptcy, mortgage foreclosure, or equity receivership proceeding, and of any act or other proceeding to enforce a lien against the debtor's property."
 See, In re Westec Corp., 460 F.2d 1139, 1142 (5th Cir. 1972). Except for its self-executing nature, the scope and purpose of a stay pursuant to Section 148 is identical to express stay orders issued by the court under Section 116(4). 6 Collier on Bankruptcy, P 6.12 (14th ed. 1969). See, In re Maier Brewing Co., 38 F.Supp. 806, 817-18 (S.D.Cal.1941).
 
 
 [4]
 The action to foreclose the lien under these circumstances changes its character becoming transitory and thus may be brought, as was done here, in a county other than the county where the real property is located. Application of Stephen Manor Homes, Inc., 201 Misc.2d 721, 108 N.Y.S.2d 469 (Sup.Ct. Nassau County 1951)
 
 
 [5]
 We intimate no view on the merits of the state court dispute
 
 
 [6]
 The relevant portions of Section 67(a), 11 U.S.C. § 107(a), provide as follows:
 "(a)(1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title . . ..
 "(2) If any lien deemed null and void under the provisions of paragraph (1) of this subdivision, has been dissolved by the furnishing of a bond or other obligation, the surety on which has been indemnified directly or indirectly by the transfer of or the creation of a lien upon any of the nonexempt property of a person before the filing of a petition initiating a proceeding under this title by or against him, such indemnifying transfer or lien shall also be deemed null and void . . .."
 
 
 [7]
 The order of the state Supreme Court approving the undertaking and discharging the mechanics' lien was issued on October 1, 1973, four months and four days prior to Stanndco's filing of its petition for reorganization in the district court on February 5, 1974. Since the lien and its discharge were obtained prior to the beginning of the four month period, the fact that appellant commenced his foreclosure action within the four month period on November 7, 1973 does not affect its validity. Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233 (1912); 4 Collier on Bankruptcy P 67.04 at 88 (14th ed. 1975)