In re GATES COMMUNITY CHAPEL OF ROCHESTER, INC. d/b/a Freedom Village, Debtor.

GATES COMMUNITY CHAPEL OF ROCHESTER, INC., d/b/a Freedom Village, Plaintiff,

v.

Geraldine DENNIES, Natalie Hopson, Utica Mutual Insurance Co. and National Bank of Geneva, Defendants.

Bankruptcy Nos. 90–21729, 90–2075A.

United States Bankruptcy Court, W.D. New York.

Feb. 20, 1991.

---

David D. MacKnight, Lacy, Katzen, Ryen & Mittleman, Rochester, N.Y., for plaintiff.

Sandra D. Krause, Ernstrom & Estes, Rochester, N.Y., for Utica Mut. Ins. Co.

Paul S. Groschadl, Woods, Oviatt, Gilman, Sturman & Clarke, Rochester, N.Y., for Nat. Bank of Geneva.

Randall D. Hilderbrandt, Cerulli & Massare, Rochester, N.Y., for Geraldine Dennies.

William G. Madigan, Bradstreet & Madigan, Bath, N.Y., for Natalie Hopson.

## MEMORANDUM AND ORDER

EDWARD D. HAYES, Bankruptcy Judge.

Gates Community Chapel of Rochester, Inc., acting as Debtor–In–Possession, brought this adversary proceeding seeking to set aside two judgment liens and the transfer of its property pursuant to 11 U.S.C. § 547. Summary judgment was granted as to the judgment liens of Geraldine Dennies and Natalie Hopson. The Court reserved decision on the Debtor's cause of action alleging the transfer of its property to National Bank of Geneva ("Bank") in exchange for a Letter of Credit in favor of Utica Mutual Insurance Co., ("Utica Mutual") was avoidable as a preference.

There are no facts in dispute. On June 25, 1990, Geraldine Dennies obtained a judgment in the sum of approximately $46,-000. The judgment was docketed in Yates County, New York on June 25, 1990. On June 29, 1990, she caused various bank accounts belonging to the Debtor, amounting to approximately $60,000, to be restrained. The Debtor moved the Yates County Supreme Court for an order terminating ·the restraint. The motion was granted conditioned on the filing of an undertaking in the sum of $60,000 in favor of Ms. Dennies.

In order to comply with the Yates County Supreme Court Order, the Debtor approached Utica Mutual for the purpose of issuing the undertaking. Utica Mutual was unwilling to issue any undertaking without receiving from the Debtor collateral security equal to the amount of the proposed undertaking. To provide Utica Mutual with the security it requested, the Debtor arranged for the Bank to issue its Letter of Credit in favor of Utica Mutual. However, the Bank was unwilling to issue its Letter of Credit without some means of reimbursing itself for any draw upon its Letter of Credit. To assure itself that it would be reimbursed, the Bank required the Debtor to deposit $60,000 in cash in the Bank which could not be withdrawn until the expiration of the Letter of Credit. The Debtor's money remains on deposit with the Bank. To date, there has been no draw on the Letter of Credit or any payment made pursuant to the bond. The Debtor filed its petition in bankruptcy pursuant to Chapter 11 on August 17, 1990.

At the hearing on this motion, Ms. Dennies conceded that her judgment lien was a preference and could be set aside pursuant to § 547. However, she disputed that the undertaking issued by Utica Mutual was also a preferential transfer which could be set aside. Partial summary judgment in favor of the Debtor as to Ms. Dennies' judgment lien was granted, but the Court

reserved decision on the question of whether the transfer of the Debtor's property to the Bank in exchange for its Letter of Credit in favor of Utica Mutual can be avoided as a preference.

Section 547(d) states:

"The trustee may avoid a transfer of an interest in property of the debtor transferred to or for the benefit of a surety to secure reimbursement of such a surety that furnished a bond or other obligation to dissolve a judicial lien that would have been avoidable by the trustee under subsection (b) of this section. The liability of such surety under such bond or obligation shall be discharged to the extent of the value of such property recovered by the trustee or the amount paid to the trustee."

The Court of Appeals for this Circuit stated in *Matter of Standco Developers, Inc.*, 534 F.2d 1050, 1054 (2nd Cir.1976), that the purpose behind the § 67(a)(2) of the Bankruptcy Act, the predecessor to § 547(d) of the Bankruptcy Code, was to prohibit "... debtors from granting indirect preferences through the device of obtaining the release of a lien by furnishing a bond and indemnifying the surety thereon through a transfer or pledge of property to it." In *Standco*, the Court determined that the judgment lien was obtained outside of the preference period. Therefore, § 67(a)(2) of the Bankruptcy Act was not available to avoid the transfer. However, in this case, the judgment lien was obtained within the preference period.

■ It has already been determined that Ms. Dennies' judgment lien was avoidable under § 547(b). The Debtor transferred its property, the $60,000, to the Bank in exchange for its issuance of a Letter of Credit to the Utica Mutual. This then was a transfer of the Debtor's property "for the benefit of a surety." Utica Mutual then issued its bond in favor of Ms. Dennies to dissolve the restraints on the Debtor's bank accounts. Clearly, the transfer of the Debtor's property for the benefit of Utica Mutual to secure reimbursement of Utica Mutual if it had to pay on its bond is avoidable under § 547(d). Further, Utica

Mutual's liability on the bond is extinguished to the extent of the property recovered by the Debtor. Summary judgment is granted in favor of the Debtor and it is so ordered.